Michael Ponce **TACHO,**
Petitioner–Appellant,

v.

Joe **MARTINEZ, et al.,**
Respondents–Appellees.

No. 85–2514.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 1988.*

Decided Dec. 8, 1988.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Victor Aronow, Phoenix, Ariz., for petitioner-appellant.

Vicki Gotkin Adler, Phoenix, Ariz., for respondents-appellees.

Before KOELSCH, CANBY and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Michael Ponce Tacho, an Arizona state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Tacho contends that his attorney at the state criminal trial, which resulted in his conviction for robbery and first degree murder, was ineffective because he failed to call Tacho's mother and sister as alibi witnesses. Because we find that petitioner has procedurally defaulted from obtaining habeas review of his claim, we decline to address the merits.

### I.

Petitioner's conviction was affirmed on direct appeal. *State v. Tacho*, 113 Ariz. 380, 555 P.2d 338 (1976). Thereafter, Tacho filed his first petition for a writ of habeas corpus in federal district court. The district court dismissed that petition with prejudice.

Petitioner next began an extended series of collateral attacks on his conviction in the Arizona courts. Pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, Tacho filed his first petition for post-conviction relief, claiming the trial court unlawfully imposed consecutive sentences. The trial court denied Tacho's petition, and denied his subsequent motion for rehearing.[1]

1. It is of interest in this case that the judge who sentenced Tacho and who denied his first petition for post-conviction relief was the Hon. Sandra Day O'Connor, now Justice O'Connor of the Supreme Court.

Tacho filed a petition for review April 4, 1979, which the Arizona Court of Appeals dismissed for lack of jurisdiction.

Tacho then filed a second petition for post-conviction relief on August 21, 1981, supplementing it on February 9, 1983. He raised six claims in this second petition, none of which alleged ineffective assistance of counsel for failing to call alibi witnesses. The trial court denied the petition.

Tacho subsequently filed a habeas corpus petition in the Arizona Supreme Court. In that petition, he raised four additional issues. The Arizona Supreme Court denied the petition.

Finally, almost nine years after his conviction, Tacho filed a third petition for post-conviction relief in the state trial court. In this petition, he raised for the first time a claim alleging ineffective assistance of trial counsel for failure to call alibi witnesses. The petition was denied by the trial court because Tacho had failed to raise this claim on direct appeal or in his two previous post-conviction petitions. The Arizona Supreme Court denied the petition for review without citation or comment.

On November 5, 1984, Tacho filed his second petition for a writ of habeas corpus in federal district court. The district court, addressing the merits of Tacho's claim, denied the petition. Tacho timely appeals.

## II.

It is well settled that when a petitioner at one time could have raised his constitutional claim in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted on his claim. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed. 2d 594 (1977).

We have held, however, that the procedural default rule does not preclude federal habeas review of a petitioner's constitutional claim if the state court declines to apply a procedural bar and adjudicates the federal claim on the merits. *Huffman v. Rick-*

*etts*, 750 F.2d 798, 801 (9th Cir.1984). Similarly, we have held that if the state court denied petitioner's claim on alternate grounds, reaching a decision on the merits as well as invoking a procedural bar, the state procedural bar is vitiated. *Bradford v. Stone*, 594 F.2d 1294, 1296 n. 2 (9th Cir.1979).

■ The problem here, of course, is whether the state supreme court's denial of review without case citation or comment constitutes a denial on the merits or on the procedural ground relied upon by the trial court.

In *Thompson v. Procunier*, 539 F.2d 26 (9th Cir.1976), this court developed a presumption that where the state's highest court gives no opinion or citation when dismissing or denying a petition for writ of habeas corpus, it will be presumed that the dismissal or denial was on the merits. This presumption, however, has been substantially narrowed by subsequent decisions.

In *McQuown v. McCartney*, 795 F.2d 807 (9th Cir.1986), petitioner had filed for habeas corpus relief in the California Court of Appeal. The appellate court denied the petition on some of petitioner's claims on procedural grounds. On petition to the California Supreme Court, the petition was denied in a minute order that stated no reasons for the denial or cases upon which the court had relied. A petition for writ of habeas corpus was subsequently filed in federal district court. The district court denied the petition for failure to exhaust state remedies, as the state courts had denied the petition on procedural grounds. On appeal to this court, we affirmed the district court on the basis that the state supreme court's summary denial of the petition on procedural grounds was not a decision on the merits, stating:

A denial of a hearing of a court of appeal decision may be taken as an approval of the conclusion there reached, but not necessarily of all the reasoning contained in the opinion. But this denial does not established that if the court of appeal decides on procedural grounds, the supreme court can expand its consideration to substantive grounds, not ad-

dressed by the court of appeal. Under the rules of appeal a denial may mean no more than that a ground which the court deems adequate for ordering a hearing has not been brought to its attention. *McQuown,* 795 F.2d at 810.[2]

Most recently, in *Bruni v. Lewis,* 847 F.2d 561 (9th Cir.1988), this court was confronted with a situation in which the petitioner appealed denial of post-conviction relief to the Arizona appellate court. The Arizona appellate court affirmed the denial on alternate grounds, ruling that petitioner had procedurally defaulted under state law, but nevertheless finding his constitutional claim to be groundless. The Arizona Supreme Court, on petition for review, dismissed his petition without explanation. On appeal to this court, we determined that the state procedural bar was vitiated, and we were not foreclosed from addressing the merits of his federal claim. Relying upon our earlier holding in *Bradford,* we stated:

> In his state post-conviction proceeding, the appellate court ruled that this waived his claim under Arizona law. *The court nonetheless addressed the merits of Bruni's claim and found no constitutional violation. Since the state court did not rely exclusively on a procedural ground in denying Bruni's petition, we reach the merits.*

*Bruni,* 847 F.2d at 563 (emphasis added) (footnote omitted).

In this case, petitioner raised the ineffective assistance of counsel claim he raises in this federal habeas action in his third state post-conviction petition under Ariz.R. Crim.P. 32. The Arizona court denied the petition *solely* on a procedural ground, i.e.,

petitioner had failed to raise this claim on direct appeal or in his two prior Rule 32 petitions. *See* Ariz.R.Crim.P. 32.2(a)(3). Petition for review was sought in the Arizona Supreme Court, and was subsequently denied without explanation.

Based upon precedent, we think it readily apparent that because *none* of the state courts addressed the merits of petitioner's claim of ineffective assistance of counsel for failure to call alibi witnesses, the federal courts are likewise foreclosed from addressing the merits of petitioner's constitutional claim.[3] *Cf. Turner v. Compoy,* 827 F.2d 526, 530 (9th Cir.1987) ("[I]f the denial of review is explicitly based on procedural grounds ... we will assume state remedies have not been exhausted").

There is yet another reason why the presumption enunciated in *Thompson* should not apply to this case. We do not think it can be so readily assumed that the Arizona Supreme Court ignored its procedural rules and passed on the merits of petitioner's claim by reason of its summary dismissal of his petition.

Ariz.R.Crim.P. 32 establishes clear procedural mandates for review of petitions for post-conviction relief. Rule 32.2, dealing with preclusion of remedy, provides in pertinent part:

> "Rule 32.2  Preclusion of remedy
>
> "a.  Preclusion. A petitioner will not be given relief under this rule based upon any ground:
>
> > \*      \*      \*      \*      \*      \*
>
> "(3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding."

---

**2.** In *McQuown,* a California court rule provided that the California Supreme Court, on a petition for review, *"normally* [would] not consider ... any issue ... that was omitted from ... the opinion of the Court of Appeal ..." (emphasis added). California Rules of Court 29(b)(2).

It is difficult to discern, however, to what extent the *McQuown* court relied on the existence of this particular court rule. Nonetheless, while an analogous Arizona statute or court rule does not exist, Arizona case law indicates that a denial of review "ordinarily" attests the Arizona Supreme Court's approval of the *result* reached by the lower court, if not necessarily its legal

analysis. *See Hagen v. U.S. Fidelity & Guaranty Ins. Co.,* 138 Ariz. 491, 675 P.2d 1310 (1984).

**3.** In *Reed v. Ross,* 468 U.S. 1, 10, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984), the Supreme Court admonished federal courts to respect a state court's finding of procedural default under its own laws:

> The State's interest in the integrity of its rules and proceedings and the finality of its judgments ... would be undermined if the federal courts were too free to ignore procedural forfeitures in state court.

The essential purpose of Rule 32 is to bar "piecemeal" raising of issues in successive post-conviction petitions and to facilitate prompt, full, appellate consideration. *State v. Carriger*, 143 Ariz. 142, 692 P.2d 991 (1984), *cert. denied*, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985). The Arizona Supreme Court has itself held that "[p]etitioners must strictly comply with Rule 32 or be denied relief," and that "[f]ailure to comply ... will result in a finding that petitioner waived his right to present a Rule 32 petition." *Carriger*, 692 P.2d at 995.

■ In light of this admonishment, we think it can fairly be assumed that when an issue is not presented in a procedurally correct manner and there is no mention of the issue in the Arizona Supreme Court's Order Denying Petition for Review, any decision made was based on procedural error and not on the merits. *See, e.g., Turner v. Compoy*, 827 F.2d at 530 ("If a state statute, or perhaps an explicit state supreme court ruling, *mandates* use of collateral review, then we will assume a denial is on procedural grounds") (emphasis included); *Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir.1985) ("[I]t is reasonable to presume that the [state] supreme court deferred to this [procedural] policy in dismissing [petitioner's] petition. We conclude that its summary dismissal was procedural, not on the merits"); *Kellotat v. Cupp*, 719 F.2d 1027, 1031 (9th Cir.1983) ("[I]t is enough that the state statutory scheme and the Court's own policies militated against

reviewing the issue at this procedural stage").

### III.

■ Having determined that petitioner has procedurally defaulted on his ineffective assistance claim, federal habeas corpus review will not be barred if petitioner can demonstrate both cause for his noncompliance with the state procedural rule and actual prejudice resulting from the default. *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. at 87, 97 S.Ct. at 2506; *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir.1988).[4]

■ Petitioner argues that the more lenient "deliberate-bypass" test of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), should apply to procedural defaults of the character we are confronted with to determine whether a federal court should address the merits of the defaulted claim. While the Supreme Court has not expressly overruled *Noia, see Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), it appears quite clear that this circuit has rejected that test in favor of the "cause and prejudice" standard enunciated in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), regardless of the type of procedural default at issue.[5] *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907–08 (9th Cir.1986) (relying on "the clear trend toward application of ... [the *Sykes*] standard" evidenced in the more recent Su-

---

**4.** While the district court "presum[ed]" that petitioner had met the cause and prejudice standard for excusing his procedural default, it appears that this "presumption" was inserted merely for the sake of argument and did not constitute an explicit finding. In any event, we fail to find support in either the record or case law for the district court's "presumption."

**5.** Most states have adopted at least one of three different procedural default rules: the "contemporaneous objection rule," which concerns errors that occur during the trial of a case; the "abandoned objection rule," which bars the defendant from raising on collateral attack a trial court error that he did not raise on direct appeal; or the "successive petition rule," which bars the defendant from raising in a second, or

successive, collateral attack proceeding an error that he should have presented in his first, or earlier, collateral attack proceeding. *See generally Presnell v. Kemp*, 835 F.2d 1567 (11th Cir. 1988).

The procedural default in this case involves the "successive petition rule." In *Carrier*, the Supreme Court implied that the cause and prejudice test applies to a petitioner's default under a state successive petition rule. 477 U.S. at 491, 106 S.Ct. at 2647. This circuit has explicitly held the cause and prejudice test applicable to procedural defaults involving successive postconviction petitions. *See Matias v. Oshiro*, 683 F.2d 318, 321 n. 3 (9th Cir.1982) (*Sykes* applied to petitioner's violation of Hawaii successive petition statute).

preme Court decisions); *see also Roberts v. Arave*, 847 F.2d at 530 ("The cause and prejudice test applies to procedural defaults on appeal in addition to those at trial").

While the briefs on appeal neglect to address the issue, petitioner's arguments at the district court level can be interpreted as alleging three "causes" that led to his procedural default. He contends he has been diagnosed as "borderline mental defective"; that his attorney on his direct appeal and his attorneys on some of his post-conviction petitions have been incompetent; and that on his other petitions he "has been at the mercy of jailhouse lawyers who did nothing in other collateral attacks, but rehash old arguments." CR 9 at 3.[6]

To the extent that petitioner is alleging ineffective assistance of *appellate* counsel as cause for the default, the exhaustion doctrine requires him to first raise this ineffectiveness claim as a separate claim in state court. *Carrier*, 477 U.S. at 488–89, 106 S.Ct. at 2646–47. Petitioner did not do so, and we may not now entertain the claim as 'cause' for default. *Id.; Hughes*, 800 F.2d at 906.

Petitioner's arguments concerning his mental condition and that he relied upon incompetent "jailhouse lawyers" do not constitute cause. In *Hughes*, we held that an illiterate pro se litigant who could no longer receive help from an inmate who prepared his state post-conviction petition had not shown sufficient cause for his failure to appeal denial of that petition. *Hughes*, 800 F.2d at 909. While Tacho's mental condition may or may not be a more serious infirmity than Hughes' illiteracy, Tacho, unlike Hughes, has had help from other inmates. Tacho has, in fact, had an attorney for all of his post-conviction petitions except the one raising the claim involved in the instant petition. If an illiterate petitioner's complete lack of assistance is not cause to excuse a procedural

default, it necessarily follows that a literate pro se petitioner who has had such assistance cannot establish cause.

Petitioner has failed to point out any cause for his noncompliance with the state's procedural requirements. Because he has failed to show cause for his procedural default, we need not consider whether he suffered actual prejudice. *Engle v. Isaac*, 456 U.S. at 134 n. 43, 102 S.Ct. at 1575 n. 43; *Roberts v. Arave*, 847 F.2d at 530 n. 3.[7]

### IV.

Because we find that petitioner has procedurally defaulted from obtaining habeas review of his claim, and that he has failed to establish cause for his noncompliance with the state's procedural requirements, the district court's denial of his habeas petition is

AFFIRMED.

---

**6.** Petitioner's Reply to Response to Petition for Habeas Corpus (Jan. 29, 1985).

**7.** We likewise find that petitioner's circumstances do not fall within the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," allowing for us to "grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2650; *see also Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986).