952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joshua GLASS, Petitioner-Appellant,
v.
Alfred GRIJALVA, Deputy Warden, Respondent-Appellee.
 No. 89-16248.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1991.*
Decided Jan. 6, 1992.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joshua Glass, an Arizona state prisoner, appeals the denial of his habeas corpus petition. In 1980, a jury found Glass guilty of burglary and several counts of assault and sexual assault; he is now serving a sixty-year sentence for those convictions. We have jurisdiction and we affirm.
 
 
 3
 * As the facts are well set out in the magistrate's Recommendation, they will be discussed here only briefly. John Fredricks, his wife, Dotty Fredricks, and her twelve-year-old daughter, Ruth Hinkle, were asleep when a man broke into their residence, sometime before midnight on September 10, 1979. During the course of nearly six hours, the man threatened the family with a tire iron, struck Ruth with the weapon numerous times and sexually assaulted Ruth and Dotty. After he left, the family called the police, gave detailed descriptions of the assailant and went to the hospital.
 
 
 4
 Around noon that same day, a detective brought a photographic lineup to the hospital and showed it to each victim separately. Each identified Glass, although John and Dotty said they were not positive. Ruth identified Glass and then expressed certainty after the detective pointed to Glass' picture, asked "[i]s that the one?" and then said "I think you're right." After each had identified Glass, the detective commented on their selections. These comments included Glass' name and maybe the fact that he was a suspect and had a bad record. Glass maintains that these comments and the detective's actions in determining Ruth's selection solidified what were only tentative identifications.
 
 
 5
 Before trial, Glass moved to suppress identification, arguing that the pretrial identification procedures were unduly suggestive. After a hearing, the trial court found that the pretrial identification procedures with respect to John and Dotty were not unduly suggestive and could be admitted. The court found that the state had not proven beyond a reasonable doubt that the identification was not unduly suggestive with respect to Ruth. It permitted in-court identification, however, because it found an independent, reliable basis for Ruth's identification of Glass.
 
 
 6
 The jury convicted Glass, and the state courts upheld the conviction. Glass has filed several post-conviction petitions in state and federal court. The district court denied this habeas corpus petition and Glass timely appealed.
 
 
 7
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1990). State court factual conclusions generally are entitled to a presumption of correctness. Id.
 
 II
 
 8
 Glass contends that the pretrial identification procedures were so suggestive as to violate due process. This issue was properly raised and exhausted on direct appeal in the Arizona courts. Since this claim was exhausted, and the others are procedurally foreclosed, see infra, Glass' petition need not be dismissed under Rose v. Lundy, 455 U.S. 509 (1982), for failure to exhaust all claims.
 
 
 9
 In analyzing the merits of his claim, we consider whether the pretrial procedures were unnecessarily suggestive. Manson v. Braithwaite, 432 U.S. 98, 109-11 (1977); Ponce v. Cupp, 735 F.2d 333, 336 (9th Cir.1984). If so, we next determine whether, under the totality of the circumstances surrounding the identification, the identification was nonetheless reliable. Id.
 
 
 10
 Regarding the photographic lineup itself, Glass notes that his is the only photograph that depicts a man who is looking down. This posture, he argues, makes him look more guilty than the others. Regarding the identification procedures, Glass argues that the detective's conduct after the victims picked out his photograph impermissibly solidified their identifications. As they did at the pretrial motion to suppress the identification, the parties disagree about what the detective said to the victims and about what prompted Ruth to express certainty regarding her identification. Even accepting Glass' depiction of the detective's conduct and his characterization of the photographic lineup as suggestive, there is no due process violation. The victims' identifications have sufficient independent indicia of reliability to support their admission.
 
 
 11
 The Supreme Court has identified five factors to consider in determining the reliability of an identification. Neil v. Biggers, 409 U.S. 188, 199-200 (1972). As applied here, those factors support the reliability of the identifications: 1) the victims saw Glass in adequate light for about six hours during the crime; 2) the victims were attentive during that time; 3) their prior descriptions were reasonably consistent and accurate, except as to Glass' height; 4) there is a reasonable level of certainty in their identifications, since all three independently picked out Glass' picture and later identified him; 5) the time between the crime and their initial identification of Glass was short, about six hours. Therefore, assuming the identification procedures were unnecessarily suggestive, their identifications were nonetheless reliable under Biggers.
 
 III
 
 12
 Glass raises eight other claims of unconstitutional error. They are: 1) failure to disclose the criminal history of the neighbor; 2) the trial court's communication with the jury during deliberations; 3) ineffective assistance of trial and appellate counsel; 4) erroneous jury instructions on identification; 5) improper testimony from the doctor who examined Ruth; 6) improper introduction of Glass' alias ("Cool"); 7) untimely disclosure of hair sample identification; 8) untimely disclosure of fingerprint comparisons.
 
 
 13
 Glass did not properly raise and exhaust these claims in state court. Rule 32.2 of the Arizona Rules of Criminal Procedure precludes Glass from raising the claims at this stage. Therefore, he has procedurally defaulted on these claims. See Tacho v. Martinez, 862 F.2d 1376, 1379-80 (9th Cir.1988) (failure to comply with Rule 32 results in procedural default).
 
 
 14
 Although federal courts retain the power to look beyond state procedural defaults and consider the merits of a habeas petition, "the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both cause for noncompliance with the state rule and actual prejudice resulting from the alleged constitutional violation." Smith v. Murray, 477 U.S. 527, 533 (1986) (quotations omitted). See also Teague v. Lane, 489 U.S. 288, 298 (1989). As cause for his procedural default, Glass argues that he was ignorant of the law and that his court-appointed attorneys were ineffective in failing to raise and preserve the claims.
 
 
 15
 A state prisoner's lack of legal acumen or knowledge of state procedural rules does not establish cause sufficient to justify his procedural default. Tacho, 862 F.2d at 1381. Glass cannot, therefore, establish cause on this basis.
 
 
 16
 A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 489 (1986). It appears that Glass did properly exhaust his claim that the counsel on his first petition for post-conviction relief failed to give him effective assistance. Because he had no constitutional right to counsel in the post-conviction proceeding, however, he has no cognizable claim that he was denied effective assistance of counsel in that proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 558-59 (1987).
 
 
 17
 Additionally, errors of counsel not amounting to ineffective assistance under Strickland are ordinarily insufficient to show cause for procedural default. See Murray, 477 U.S. at 488-89 (appellate counsel's error in inadvertently omitting a claim on direct appeal is not "cause" for the procedural default as to that claim). Here, there is evidence that his attorneys deliberately omitted some claims because they believed the claims lacked merit. The alleged errors do not amount to ineffective assistance of counsel.
 
 
 18
 In the extraordinary case, cause for procedural defaults may be established where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Glass has not established such an extraordinary case. The errors he alleges do not fundamentally undercut the evidence that he was the assailant. Since Glass failed to establish cause for the procedural defaults, we need not consider whether he has shown actual prejudice.
 
 IV
 
 19
 We affirm the district court's denial of Glass' petition for a writ of habeas corpus.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3