967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon BULLOCKS, Jr., Petitioner-Appellant,
v.
George HERMAN, Warden, et al., Respondents-Appellees.
 Nos. 91-16102, 91-16311.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Bullocks, Jr., an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Bullocks contends that the district court erred by dismissing his petition because of a state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 In 1988, Bullocks pleaded guilty to one count of aggravated assault and two counts of criminal damage. Bullocks sought to withdraw his plea on the ground that he was misinformed about the evidence that would have been presented by an expert witness. The trial court denied the request to withdraw the plea. On direct appeal, Bullock's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Bullocks then filed (1) a supplemental brief, in which he challenged the factual basis for the plea, and (2) an addendum to his supplemental brief, in which he argued that his plea was coerced. The Arizona Court of Appeals affirmed his conviction. Bullocks filed a motion for reconsideration, in which he argued that his plea was based on misinformation about the expert's report. The Court of Appeals denied the motion without comment. Bullock's petition for review by the Arizona Supreme Court, which raised the misinformation claim, also was denied without comment.
 
 
 4
 "It is well settled that when a petitioner at one time could have raised his constitutional claim in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted on his claim." Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988) (citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977)). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991) (citations omitted).
 
 
 5
 Under Arizona law, new issues cannot be raised on appeal in a motion for reconsideration. See State v. McCall, 139 Ariz. 147, 164, 677 P.2d 920, 937 (1983), cert. denied, 467 U.S. 1220 (1984); State v. Smith, 125 Ariz. 412, 416, 610 P.2d 46, 50 (1980); Ariz.R.Crim.P. 31.13(c) & 31.18. Accordingly, the district court correctly determined that Bullocks procedurally defaulted his misinformation claim by failing to present it to the Arizona Court of Appeals in his supplemental pro se brief or its addendum. See Tacho, 862 F.2d at 1378.
 
 
 6
 Bullocks argues that the Arizona Court of Appeals itself raised the misinformation claim in the course of searching the record for fundamental error pursuant to Ariz.Rev.Stat. § 13-4035, and therefore his motion for reconsideration was a procedurally appropriate means of presenting this claim. We agree with the district court's determination that Bullock's argument is based on a misinterpretation of the Court of Appeals' decision.
 
 
 7
 Bullocks also argues that the district court should have reached the merits of his claims because the Court of Appeals' silent denial of his motion for reconsideration, and the Supreme Court's silent denial of his petition for review, do not satisfy the "plain statement" rule established in Harris v. Reed, 109 S.Ct. 1038, 1043 (1989). This argument fails because the Harris plain statement rule applies only if the decision of the last state court to which the petitioner presented his federal claims fairly appears to rest primarily on federal law or to be interwoven with federal law. Coleman, 111 S.Ct. at 2557. Here, because neither of the state courts' decisions involves federal law, the Harris rule is inapplicable.
 
 
 8
 Finally, Bullocks has made no showing of cause for his procedural default, nor has he demonstrated that failure to consider his claim will result in a fundamental miscarriage of justice. Accordingly, federal habeas review of his claim is barred. See Coleman, 111 S.Ct. at 2565.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3