966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James I. DAWSON, Sr., Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Respondent-Appellee,
Frederic J. Cowan, Attorney General, Respondent.
 No. 92-5040.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before MERRITT, Chief Judge, MILBURN, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He includes in his brief on appeal a request for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, James I. Dawson, Sr., was convicted of possession of a narcotic controlled substance, second offense, trafficking of a nonnarcotic controlled substance, and as a persistent felony offender, second degree. The McCracken Circuit Court imposed a total sentence of thirty years and a fine of $10,000. The convictions were affirmed by the Kentucky Supreme Court, but the matter was remanded for recalculation of sentence. On resentencing, a twenty year term and a ten thousand dollar fine were imposed.
 
 
 3
 In a motion to vacate sentence under Ky.RCr. 11.42, Dawson maintained that his initial arrest was defective and that his counsel's assistance was ineffective. The motion was denied. Dawson's appeal from the denial of the motion to vacate was dismissed as untimely. His motion for discretionary review was denied.
 
 
 4
 In his application for a writ of habeas corpus, Dawson asserted that he was denied the effective assistance of counsel and prejudiced by the trial court's failure to conduct an evidentiary hearing on his motion to vacate sentence.
 
 
 5
 The magistrate judge determined that Dawson was barred from seeking federal review because he failed to show cause and prejudice for the procedural default in state court, i.e., his failure to file a timely appeal from the denial of the motion to vacate sentence. Upon de novo review, the district court adopted the report of the magistrate judge and dismissed the petition.
 
 
 6
 Upon review, we conclude that the petition was properly dismissed.
 
 
 7
 A bar to federal review is imposed, as in this case, where the state court expressly relied on the petitioner's failure to follow a state procedural rule. See Harris v. Reed, 489 U.S. 255, 262-63 (1989). To overcome the bar to federal habeas review, Dawson must satisfy the conjunctive elements of the cause and prejudice test. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 8
 Dawson did not demonstrate cause for the procedural default. Dawson maintained that he had relied on the assistance of a jailhouse lawyer who did not properly advise him of the steps needed to perfect an appeal. Because there is no right to legal counsel in collateral proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), poor advice about such proceedings does not establish "cause." See Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir.), cert. denied, 111 S.Ct. 102 (1990); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988).
 
 
 9
 Because Dawson failed to establish cause for the procedural default, the court does not need to consider whether he suffered actual prejudice. See Engle v. Isaac, 456 U.S. 107, 134 n. 43 (1982); Tacho, 862 F.2d at 1381.
 
 
 10
 Accordingly, the request for appointment of counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.