977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Henry BARBER, Petitioner-Appellant,
v.
Roger CRIST, Warden, et al., Respondent-Appellee.
 No. 91-16947.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 2, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barber, an Arizona state prisoner, appeals pro se from an order of the district court dismissing his petition for writ of habeas corpus. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 3
 The decision to deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 9th Cir.1992) (en banc). In reviewing the district court's decision, state court factual conclusions are entitled to a presumption of correctness. See 28 U.S.C. § 2254(d); Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992).
 
 
 4
 In June 1979, Barber agreed to plead guilty to one count of first-degree rape. In his habeas petition, Barber alleged that the trial court had failed to advise him that he would have to serve the entire minimum sentence before he would be eligible for parole. As a result, he contends, his guilty plea was not voluntary and intelligent. The district court denied the habeas petition on the grounds that the Arizona state court system had earlier declared his claim procedurally barred under state law.
 
 
 5
 In general, a federal district court may not hear a claim on the merits if it was procedurally barred in the state courts. In Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991), the Supreme Court stated:
 
 
 6
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 7
 In July 1988, Barber filed a petition for post-conviction relief in state court under Arizona Rule of Criminal Procedure 32 in which he argued that his plea was not voluntary and intelligent. An Arizona trial court rejected this claim as procedurally barred because Barber did not raise it during the direct appeal of his conviction even though he had sufficient knowledge of the claim to do so. See Ariz.R.Crim.P. 32.2(a)(3) (providing that post-conviction relief precluded where claim "[k]nowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding"); Tacho v. Martinez, 862 F.2d 1376, 1379-80 (9th Cir.1988) (holding that failure to comply with Rule 32 results in procedural default). The Arizona Court of Appeals affirmed the judgment of the trial court. The Arizona Supreme Court denied review without comment. Thus, the judgment of the court rested on a state-law ground that was both independent of the federal claim's merits and an adequate basis for the court's decision. See Harmon v. Ryan, 959 F.2d 1457 (9th Cir.1992). Because Barber does not allege either any cause for the procedural default or any prejudice that will result, we hold that the district court properly rejected Barber's habeas petition. See Coleman, 111 S.Ct. at 2565.
 
 
 8
 For the first time on appeal, Barber also presents a host of new claims. He argues that: (1) he was mentally incompetent to plead guilty; (2) the Arizona Supreme Court incorrectly reviewed de novo whether Barber was mentally incompetent; (3) the state Attorney General concealed records relating to his incompetency claim; (4) his various defense counsel all had conflicts of interest; and (5) his procedural default in state court was caused by psychotropic drugs he was receiving in prison or by inadequate access to the prison law library.
 
 
 9
 We decline to consider these issues because they were not raised below. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3