5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gregory SANDERS, Petitioner-Appellant,
v.
William BUNNELL, Superintendent, Respondent-Appellee.
 No. 92-56588.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-92-02695-RJK; Robert J. Kelleher, District Judge, Presiding.
 C.D.Cal., 988 F.2d 121.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Sanders, a California prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. The district court dismissed Sanders' petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review for an abuse of discretion. Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988); cert. denied, 493 U.S. 906 (1989). We affirm.
 
 
 3
 A petitioner may abuse the writ by raising a claim in a second or subsequent petition for habeas corpus that he could have raised in the first petition. McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991). The government bears the burden on pleading abuse of the writ. Id. at 1470. The government may meet this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id.; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992). A petitioner who cannot show cause may nevertheless be excused if the court's failure to hear the claim would result in a fundamental miscarriage of justice. McCleskey, 111 S.Ct. at 1470; Harris, 949 F.2d at 1511-12.
 
 
 4
 Sanders' first federal petition for habeas relief alleged that he received ineffective assistance because his counsel failed to raise a sufficiency of evidence claim at trial and on direct appeal. The district court dismissed the petition on the merits. This court affirmed the dismissal. Sanders v. Bunnell, No. 91-56413, unpublished memorandum disposition (9th Cir. Mar. 11, 1993). In May 1992, Sanders filed the instant petition. In this petition, Sanders contends that (1) he received ineffective assistance because his counsel did not move to strike the special circumstance allegation; and (2) the jury instructions on the special circumstance allegation were unconstitutional.
 
 
 5
 The state pleaded abuse of the writ in the answer to the instant petition. Therefore, the state has met its burden by stating that the claims raised in Sanders's instant petition were nor raised in his earlier petition, and noting Sanders' writ history. See McCleskey, 111 S.Ct. at 1470.
 
 
 6
 Sanders argues that he has cause for failing to raise his new claims in his earlier petition. Specifically, Sanders alleges that he is illiterate and has no knowledge of the law. However, illiteracy and ignorance of the law on the part of a pro se petitioner does not establish cause. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Therefore, Sanders has not shown cause for failing to raise his new claims in his first petition.
 
 
 7
 Nevertheless, Sanders argues that the failure to reach the merits of his instant petition would result in a fundamental miscarriage of justice. Our review of the record convinces us that the failure to reach the merits of Sanders' petition will not result in a fundamental miscarriage of justice. See McCleskey, 111 S.Ct. at 1470; Harris, 949 F.2d at 1511-12.
 
 
 8
 Accordingly, the district court did not abuse its discretion in dismissing Sanders' instant 28 U.S.C. Sec. 2254 petition for writ of habeas corpus.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3