19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin CHARLES, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 93-35233.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Calvin Charles appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Charles alleges that there was insufficient evidence to support his conviction and that his counsel was ineffective. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We affirm.
 
 
 3
 We review de novo the district court's decision on a petition for a writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). To the extent it is necessary to review the district court's factual findings, the clearly erroneous standard applies. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 4
 Charles contends that because the testimony of an accomplice was not corroborated by other evidence, as required by Or.Rev.Stat. Sec. 136.440, there was insufficient evidence to support his conviction. Charles argues that the prosecution's failure to present evidence in compliance with Oregon state law violated his due process rights. Like the district court, we conclude that Charles has procedurally defaulted on this claim.
 
 
 5
 When a habeas petitioner at one time could have raised his federal claim in state court but did not and is now barred from doing so by a state procedural rule, he has procedurally defaulted on that claim. Murray v. Carrier, 477 U.S. 478, 485 (1986); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). Nevertheless, a federal habeas court may consider the merits of a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice from the alleged constitutional violation. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1986).
 
 
 6
 In Oregon, when an individual sought and obtained direct appellate review of the conviction and sentence, no claims that could have been raised on direct appeal may be litigated in a petition for post-conviction relief. Or.Rev.Stat. Sec. 138.550(2). Moreover, issues that could have been raised in a post-conviction proceeding may not be litigated in a subsequent post-conviction proceeding or state habeas corpus proceeding. Or.Rev.Stat. Sec. 138.550(3).
 
 
 7
 In 1983, Charles was convicted of two counts of aggravated murder and was sentenced to life imprisonment with a thirty-year minimum. Represented by counsel, Charles filed a direct appeal. The Oregon Court of Appeals affirmed his conviction, but modified his sentence.[1] The Oregon Supreme Court denied review. Then, represented by counsel, Charles filed a petition for post-conviction relief. The trial court made factual findings and denied Charles' petition. On appeal, the Oregon Court of Appeals affirmed the lower court's findings without an opinion. The Oregon Supreme Court denied review.
 
 
 8
 On direct appeal and in his post-conviction proceeding, Charles failed to present his claim that because the testimony of an accomplice was not corroborated by other evidence, as required by Or.Rev.Stat. Sec. 136.440, there was insufficient evidence to support his conviction. Because Charles failed to present this claim on direct appeal or in his first petition for post-conviction relief, he is now barred from pursuing this claim in state court. See Or.Rev.Stat. Secs. 138.550(2), (3). Therefore, Charles has procedurally defaulted on this claim. See Murray, 477 U.S. at 485; Tacho, 862 F.2d at 1378.
 
 
 9
 Like the district court, we conclude that Charles cannot show actual prejudice from the alleged constitutional violation. Under Oregon state law "[a] conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense." Or.Rev.Stat. Sec. 136.440(1); State v. Walton, 809 P.2d 81, 94 (Or.1991). However, "[i]t is not necessary that the corroborating evidence be direct and positive; it may be circumstantial." Walton, 809 P.2d at 94. Even if the witness in question was Charles' accomplice,[2] there was sufficient evidence to connect Charles to the murders. The district court found that the other evidence presented at trial linked Charles to the murder weapon, demonstrated that Charles was at the murder scene, and established that Charles had a motive for the murders. Thus, as the district court found, even if the witness in question was Chalres' accomplice, the testimony was sufficiently corroborated by physical evidence that linked Charles to the murders. Because this finding is supported by the trial transcript, we conclude that it is not clearly erroneous. Therefore, the district court did not err in determining that Charles cannot show actual prejudice. See United States v. Frady, 456 U.S. 152, 170 (1982); White v. Lewis, 874 F.2d 599, 603 (9th Cir.1989).
 
 
 10
 Next, Charles contends that his counsel provided ineffective assistance by failing to completely and thoroughly investigate the case and to contact witnesses and interview family members. We conclude that Charles has not demonstrated that but for his counsel's actions he would not have been found guilty.
 
 
 11
 To make out a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's actions were deficient and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-90 (1984); Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992). To demonstrate counsel's deficiency, the petitioner must show that counsel's actions were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690; Hendricks, 974 F.2d at 1109. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Hendricks, 974 F.2d at 1109.
 
 
 12
 Charles does not argue that but for trial counsel's failure to investigate he would not have been found guilty. Instead, Charles argues that the information his trial counsel might have found "would have cast doubt on the State's case and strengthened [his] defense." Given that the evidence presented at trial linked Charles to the murder weapon, demonstrated that Charles was at the murder scene, and established that Charles had a motive for the murders, we conclude that Charles cannot show that but for his trial counsel's alleged failure to investigate he would have been found not guilty. See Strickland, 466 U.S. at 694; Hendricks, 974 F.2d at 1109.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Originally, Charles received a consecutive sentence of five years based on the allegation that he was armed with a firearm when he committed the murders. On direct appeal, the sentence was modified to run concurrently with the thirty-year minimum term
 
 
 [2]
 At trial, the prosecutors did not present the witness as an accomplice. In this federal habeas proceeding, the respondent contends that the witness cannot, under Oregon state law, be considered Charles' accomplice. We do not reach that question in this proceeding