37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Brian Morton FREEMAN, Petitioner-Appellant,
v.
James P. McFADDEN, Respondent-Appellee.
 No. 94-15522.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Morton Freeman appeals the district court's dismissal of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 On January 22, 1986, Freeman was convicted in state court of one count of kidnapping and seven counts of sexual assault. He was sentenced to 42 years in prison. Freeman appealed his sentence and conviction on nine grounds. The Arizona Court of Appeals affirmed the conviction and sentence and the Arizona Supreme Court denied review. Freeman then sought state post-conviction relief, claiming ineffective assistance of counsel for failure to call material witnesses and a due process violation based on his claim that he had been drugged during trial. The trial court conducted an evidentiary hearing and concluded that Freeman's claims lacked merit. Both the Court of Appeals and the Arizona Supreme Court denied review.
 
 
 4
 On November 5, 1991, Freeman filed a pro se petition for a writ of habeas corpus in the United States District Court for the District of Arizona. Freeman raised the ineffective assistance of counsel and due process claims he had presented in state court, a claim of wrongful denial of post-conviction relief, a Miranda claim, and a claim of excessive sentence. The district court denied relief. We reviewed the denial and affirmed, dismissing Freeman's two unexhausted claims, and holding that Freeman's ineffective assistance and due process claims lacked merit, and his wrongful denial of post-conviction relief claim was not reviewable.
 
 
 5
 On October 12, 1993, Freeman filed this second petition for federal habeas relief. The petition raises the nine issues raised in Freeman's direct appeal in state court. The district court dismissed the petition, finding that it was an abuse of the writ to present claims in the second petition which were available but not presented in the first federal petition.
 
 
 6
 We review the denial of a habeas petition de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 7
 A second petition for habeas corpus may be dismissed if "new and different grounds are alleged, [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. Sec. 2254 (1982). A petitioner may abuse the writ by raising a claim in a second or subsequent petition that he could have raised in the first petition. McCleskey v. Zant, 499 U.S. 467, 489 (1991).
 
 
 8
 The government must plead abuse of the writ. Id. at 494. The government can do so be noting with clarity and particularity the petitioner's prior writ history, by identifying the claims that appear for the first time, and by alleging that petitioner has abused the writ. Id. The petitioner must then disprove abuse of the writ, which can be done by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting from the alleged errors. Harris v. Vasquez, 949 F.2d 1497 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992). "Cause" means some objective factor external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). If the petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. McCleskey, 499 U.S. at 494.
 
 
 9
 The government, in response to Freeman's petition, noted that this is his second federal petition for habeas relief and that the issues raised in this petition could have been, but were not raised in his first petition.
 
 
 10
 Freeman argues that he has cause for failing to raise in his first petition the nine claims raised in this petition. Specifically, Freeman claims that he is an alien unfamiliar with the court system and that his first petition was prepared by an untrained prison legal assistant. Petitioner states that he was unaware that he should have included in his first petition the nine issues raised here, until later so advised by another prisoner.
 
 
 11
 Ignorance of the law on the part of a pro se petitioner does not establish cause. Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Petitioner thus fails to show cause for his failure to raise the nine issues in his first petition. We therefore need not consider whether he suffered actual prejudice. Engle v. Isaac, 456 U.S. 107, 134 n. 43 (1982).
 
 
 12
 Petitioner does not allege and we do not find that this is an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," allowing us to "grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. at 496. The district court properly dismissed Freeman's petition as an abuse of the writ.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3