Gary K. HERZOG, Petitioner–
Appellant

v.

Frank S. THOMPSON, Warden,
Oregon State Penitentiary
Respondent–Appellee

No. 99–35997.

D.C. No. CV 97–6031–TMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2001.

Decided June 26, 2001.

Before GOODWIN, GREENBERG,*
and RAWLINSON, Circuit Judges.

MEMORANDUM **

* The Honorable Morton I. Greenberg, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Gary Kenneth Herzog ("Herzog") appeals from a judgment entered on September 1, 1999, by the United State District Court for the District of Oregon, dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Herzog argues that he was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel as a result of his attorneys' failure to investigate and litigate the Fourth Amendment issues presented by his case. Herzog also contends that the admission of evidence of other crimes violated his due process entitlement to a fair trial. We affirm the district court's dismissal of this Petition for Writ of Habeas Corpus.

After an individual contacted the police with information that Herzog could be the rapist for whom police were searching, Vancouver City Police Detective Byron Harada and FBI Agent Michael Sanders made a trip to Herzog's place of employment where they found his vehicle parked in the employee parking lot. Harada and Sanders entered the parking lot and, without entering the vehicle, visually examined its interior, noticing details which appeared to match some of the truck descriptions provided by the victims. Harada and Sanders then entered the company building and arrested Herzog. They observed a scar on his torso and a tattoo on his left arm, details similar to the descriptions provided by two of the victims.

After Herzog's arrest, Washington County Police Detective Kenneth Engh obtained a search warrant for Herzog's vehicle, residence, work desk and storage locker. During the search, officers seized textile fibers, hairs, bodily fluids, clothing, shoes and other items. They also took hair, blood and saliva samples from Herzog after his arrest. Herzog was charged with first-degree kidnapping, first-degree rape, two counts of first-degree sodomy, and first-degree sexual abuse.

■ In the case concerning the alleged victim Sharon Taylor ("Taylor"), Attorney Andrew Rich represented Herzog in the pretrial proceedings and did not move to suppress the evidence seized as a result of the searches of Herzog's person, vehicle and home because he did not see any grounds for challenging the warrant. Attorney Ray Bassel("Bassel), who represented Herzog during the trial, also found no basis for challenging the search warrant and did not file a motion to suppress evidence seized during the searches. However, Bassel made a motion *in limine* to exclude evidence of sexual assaults involving alleged victims other than Taylor and to exclude evidence of the line-up identifications of Herzog by Taylor and Paula Norris, another alleged victim.

The attorneys' conduct in Herzog's case did not fall below the objective standard for ineffective assistance of counsel. Under the rigorous *Strickland* standard, the defendant must show both that (1) his attorney's performance fell below "an objective standard of reasonableness" as measured by professional norms, and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). *See also Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). ("[I]t is not professionally unreasonable to decide not to file a motion ... clearly lacking in merit."). *United States v. Molina,* 934 F.2d 1440, 1447 (9th Cir. 1991).

■ Herzog is procedurally barred from raising the issue that the admission of other crimes evidence violated his Due Process rights because he did not raise this issue in the state court. Herzog moved to exclude the evidence of other

crimes prior to trial, but his motion *in limine* and his oral argument in the motion hearing argued against admissibility based on the state evidence code rather than the Constitution. On appeal in the state courts, he argued that the evidence was not admissible under Oregon Evidence Code Rule 404(3) and 403 (rather than the Constitution). 28 U.S.C. § 2254(b)(1)(A) requires that an application for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. *See Tacho v. Martinez,* 862 F.2d 1376, 1378 (9th Cir.1988). Similarly, in *Duncan v. Henry,* 513 U.S. 364, 366, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995), the Supreme Court stated that a habeas petitioner who wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment has to make the argument both in federal court and in state court. Therefore, since Herzog did not move for exclusion of the evidence or appeal its admission based on the Due Process arguments that he raises in his habeas petition, he is procedurally defaulted from raising this issue.

■ Regardless of whether he was procedurally barred, he would not succeed in this claim. We would determine only whether the admission of evidence rendered the trial so fundamentally unfair as to violate due process, and fundamental unfairness is defined very narrowly. *See Dowling v. United States,* 493 U.S. 342, 352, 110 S.Ct. 668, 674, 107 L.Ed.2d 708 (1990). "The admission of 'other acts' evidence, which a defendant contends is unduly prejudicial, will violate due process only when 'there are *no* permissible inferences the jury may draw from the evidence.'" *Windham v. Merkle,* 163 F.3d 1092, 1103 (9th Cir.1998). Clearly, in this case, admission of the evidence of other crimes was permissible for the purpose of establishing the identity of the culprit.

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Barbara CROSS, aka/Sealed**
**1, Defendant–Appellant.**

**No. 00–30285.**
**D.C. No. CR–00–05181–JET.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided June 27, 2001.

Before B. FLETCHER, BRUNETTI,
and FISHER, Circuit Judges.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.