### Gerald FRUICHANTIE, Petitioner— Appellant,

v.

### Stanley MAZUR–HART, Respondent— Appellee.

No. 04–35398.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 14, 2005.

Christine Stebbins Dahl, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Youlee Yim You, AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Gerald Fruichantie appeals the district court's dismissal of his 28 U.S.C. § 2254

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

habeas petition on the ground that both claims were procedurally defaulted. We affirm.

Fruichantie has not shown that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" such that his procedural defaults are excused. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (citation and internal quotation marks omitted). Fruichantie's mental condition, and Dr. Shannon's report, were presented to the trial court before it found him guilty except for insanity. Even if the report is "new reliable evidence ... that was not presented at trial," *Schlup*, 513 U.S. at 324, the report does not demonstrate that "it is more likely than not that no reasonable juror would have convicted him" in light of this evidence. *Id.* at 327. Fruichantie admitted to investigators that he intentionally started a fire in his apartment that was in a multi-unit building, and a tape of that admission was played at trial. Further, Dr. Shannon's report is not inconsistent with the intent required for conviction of first degree arson.

Nor has Fruichantie demonstrated cause to excuse his procedural defaults. *See Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir.2003). Even if the district court clearly erred in finding that Fruichantie had the assistance of counsel over the critical 120–day period following the date his direct appeal became final, *cf. Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988), Fruichantie does not challenge the district court's determination that Fruichantie's mental illness did not prevent him from seeking post-conviction relief during that period. Indeed, the record indicates that Fruichantie's illness was under control, and that he was making good progress in the hospital's treatment program. For the reasons already explained, Fruichantie cannot show prejudice, either.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.