**Charles ROBERTS,
Petitioner–Appellant,**

**v.**

**Arvon J. ARAVE, Jim T. Jones,
Respondents–Appellees.**

Nos. 85–3665, 86–3984.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1988.

Decided May 23, 1988.

Thomas H. Borresen, Boise, Idaho, for petitioner-appellant.

Lynn E. Thomas, Sol. General, Robert R. Gates, Office of the Atty. Gen., Boise, Idaho, for respondents-appellees.

Before TANG and CANBY, Circuit Judges, and REED,* District Judge.

CANBY, Circuit Judge:

Charles Harmon Roberts, an Idaho prisoner,[1] appeals the district court's denial of his petition for a writ of habeas corpus. Roberts claims that (1) his failure to petition the Idaho Supreme Court for discretionary review of the denial of state post-conviction relief did not constitute a failure to exhaust state remedies; (2) there was sufficient cause to overcome any state procedural default; (3) his sentence under Idaho Code § 18–6607 was unconstitutionally disproportionate; (4) the failure of state prison authorities to provide him with psychiatric care sufficient to meet parole requirements was cruel and unusual punishment; and (5) he was prejudiced at trial by the state's joinder of counts involving separate victims. We affirm because we agree that Roberts failed to exhaust his state remedies, and that he has not shown cause to overcome his default. Our ruling makes it unnecessary for us to reach the merits of Roberts' constitutional claims.

Roberts contends that the district court incorrectly denied his petition for failure to exhaust available state remedies. Roberts concedes that he did not seek discretionary review by the Idaho Supreme Court after the state trial court and court of appeals denied his petition for post-conviction relief. Roberts first suggests that the exhaustion requirement was satisfied by his appeal to the Idaho Court of Appeals because the Idaho Supreme Court exercises limited and discretionary jurisdiction.[2] Next, Roberts argues that the Idaho Supreme Court actually was presented an opportunity to pass upon the merits of his case because he initially appealed the trial court's denial of post-conviction relief directly to that court. The Idaho Supreme Court then assigned the appeal to the Court of Appeals pursuant to Idaho Appellate Rule 108(b).

■ Both of Roberts' arguments are foreclosed by our recent decision in *McNeeley v. Arave*, 842 F.2d 230 (9th Cir.1988). There we held that an Idaho habeas petitioner failed to exhaust state remedies when he did not petition the Idaho Supreme Court for review of an Idaho Court of Appeals decision. It made no difference that the petitioner had originally appealed the denial of post-conviction relief to the Idaho Supreme Court, which had then assigned the appeal to the Court of Appeals under Idaho Appellate Rule 108. *McNeeley* therefore controls this case.

■ Roberts offers the additional argument that the Idaho Supreme Court can review any decision of the Idaho Court of Appeals on its own motion. Idaho Appellate Rule 120. We do not accept the propo-

---

* Honorable Edward C. Reed, Jr., Chief United States District Judge, District of Nevada, sitting by designation.

1. Roberts was convicted of five counts of lewd and lascivious conduct with a minor. On direct appeal, the Idaho Supreme Court reversed three counts for insufficient evidence. *See State v. Roberts*, 101 Idaho 199, 610 P.2d 558 (Idaho 1980) (per curiam). Roberts is serving two concurrent life sentences on the remaining counts. He unsuccessfully filed a petition for post-conviction relief in state court. *See Roberts v. State*, 108 Idaho 183, 697 P.2d 1197 (Idaho Ct. App.1985). Without seeking discretionary review from the Idaho Supreme Court, Roberts initiated federal habeas corpus proceedings.

2. This argument has been accepted by other federal courts. *See, e.g., Buck v. Green*, 743 F.2d 1567 (11th Cir.1984) (discretionary appeal to a supreme court of limited jurisdiction unnecessary for exhaustion purposes); *Smith v. White*, 719 F.2d 390, 392 (11th Cir.1983) (analogizing finality of a judgment of an intermediate state appellate court in states with limited supreme court jurisdiction to finality of federal appellate court decisions); *Williams v. Wainwright*, 452 F.2d 775, 777 (5th Cir.1971) (Florida prisoner need not seek review in the Florida Supreme Court to exhaust remedies since high court exists to resolve conflicts in state law not correct errors).

sition that the existence of this power relieves Roberts of the duty to petition for review. A petition can frame the constitutional issue that is to be presented later to the federal courts. We cannot assume that the Idaho Supreme Court has rejected Roberts' constitutional claim simply because it has failed to exercise its extraordinary power to review his case on its own motion, with no petition to call attention to the issues subject to exhaustion.

In summary, then, we conclude that Roberts failed to exhaust his state remedies by not petitioning the Idaho Supreme Court for discretionary review of the decision of the Idaho Court of Appeals. *McNeeley v. Arave* controls.

Roberts has also failed to demonstrate the "cause" and actual "prejudice" necessary to obtain federal habeas relief in the face of his procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–2507, 53 L.Ed.2d 594 (1977). The cause and prejudice test applies to procedural defaults on appeal in addition to those at trial. *Reed v. Ross*, 468 U.S. 1, 10–11, 104 S.Ct. 2901, 2907–2908, 82 L.Ed.2d 1 (1984). Roberts has not shown any objective factor external to the defense that caused counsel to fail to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986). Nor does Roberts claim that his intentional failure to pursue available state remedies was the result of ineffective assistance of counsel. *Id.* Finally, the apparent futility of presenting claims to state courts does not constitute cause for procedural default. *Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). The district court correctly found insufficient cause to overcome Roberts' procedural default.[3]

Our conclusions that Roberts failed to exhaust his state remedies, and that he has failed to demonstrate "cause" and "prejudice" necessary to excuse his default, re-

quire us to affirm. We therefore do not reach the merits of the constitutional claims that Roberts asserts.

AFFIRMED.

---

**3.** In general, if a party fails to show cause for his procedural default a court need not consider whether he suffered actual prejudice. *Engle,* 456 U.S. at 134 n. 43, 102 S.Ct. at 1575 n. 43 (1982). This case does not present the extraor-

dinary situation where the prejudice to a petitioner is so great that a federal habeas court will grant the writ even in the absence of a showing of cause for the procedural default. *Murray,* 106 S.Ct. at 2650.