993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Erling KELLY, Petitioner-Appellant,
v.
STATE OF WASHINGTON, Washington State Indeterminate
Sentencing Board, Respondents-Appellees.
 No. 92-35586.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 10, 1993.
 
 Before: WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 State prisoner Richard Kelly appeals from the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. Kelly claims that he was sentenced in violation of the Ex Post Facto and Due Process Clauses of the United States Constitution. We affirm because we hold Kelly is procedurally barred from bringing this action.
 
 I.
 
 3
 On July 9, 1974, Kelly pled guilty to attempted rape and was sentenced to 20 years in a Washington state prison. His sentence was deferred, however, and he was placed on five years probation. His deferred sentence was later revoked and he was given a suspended sentence and four years probation. In July of 1982, after several parole violations, including another sexual assault, Kelly's probation was revoked, and he was sentenced to a maximum term of 20 years.
 
 
 4
 In his direct appeal to the Washington Court of Appeals, Kelly argued that his 20-year sentence exceeded the maximum sentence permitted by Washington law. Kelly relied on three state statutes; he did not assert a federal constitutional claim. The Washington Court of Appeals affirmed the judgment. Kelly then petitioned the Washington Supreme Court for discretionary review. He raised only one issue: "Did the trial court impose an illegal sentence contrary to law in excess of its jurisdiction?" The Washington Supreme Court denied review.
 
 
 5
 On May 19, 1988, Kelly was released on parole. He was subsequently arrested in Arizona, and pled guilty to one count of sexual assault. He is now serving a 14-year sentence in Arizona. After Kelly was imprisoned in Arizona, the Indeterminate Sentence Review Board of the state of Washington ("the Board") filed a detainer on Kelly, seeking his return to serve the remainder of his Washington sentence after the completion of his Arizona sentence. Kelly then filed a personal restraint petition in the Washington Supreme Court challenging the Board's detainer. The Washington Supreme Court transferred the petition to the Washington Court of Appeals pursuant to Washington Rules of Appellate Procedure 16.3(c) and 16.5(b), which provide that personal restraint petitions are to be filed with the appellate court. In his petition and reply memorandum, Kelly asserted the claims that his 20-year sentence violated the Eighth Amendment, as well as the Due Process and Equal Protection Clauses of the Federal Constitution. He also claimed his sentence constituted an ex post facto application of state law in violation of the Federal Constitution.
 
 
 6
 The Washington Court of Appeals dismissed Kelly's petition on December 7, 1990. It did not address his federal constitutional claims, but held that he had raised a "similar issue" concerning the length of his sentence in his direct appeal and was therefore barred from raising it again.
 
 
 7
 On December 17, 1990, Kelly submitted a "motion for discretionary review" to the Washington Supreme Court. The Deputy Clerk of the Washington Supreme Court sent a letter to Kelly, informing him that his motion was not in proper form. The letter read in pertinent part:
 
 
 8
 In order to properly seek review of the Court of Appeals order denying the Petitioner's Personal Restraint Petition, the Petitioner needs to file a motion for discretionary review pursuant to RAP 13.5 which contains the appropriate information and is in the correct format; see RAP 17.3 and RAP Form 3 copies of which I have enclosed for the Petitioner's information. Such a motion must be filed within 30 days after the Court of Appeals decision was filed. The Court of Appeals decision was filed in this case on December 4, 1990. The motion should be filed in this Court with a copy of the same being filed in the Court of Appeals.
 
 
 9
 Kelly never resubmitted his motion. Thus, he has failed to demonstrate that he filed a motion for discretionary review in proper form consistent with Washington state law.
 
 
 10
 On September 25, 1991, Kelly filed a petition for a writ of habeas corpus in the federal district court. He claimed that the 20-year sentence imposed did not comply with the relevant Washington statutory guidelines and that it violated his due process rights under the Fourteenth Amendment. Kelly also alleged that the state law was an ex post facto law. He also claimed his parole violation detainer is void and unenforceable.[1]
 
 
 11
 The magistrate judge found that Kelly had not presented his constitutional claims to the state courts, and that he was procedurally barred from doing so. On June 8, 1992, the district court adopted the report and recommendation of the magistrate judge and entered judgment denying Kelly's petition. On June 24, 1992, Kelly timely filed a notice of appeal to this court.
 
 II.
 
 12
 We review the district court's denial of a petition for writ of habeas corpus de novo. Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988).
 
 
 13
 Kelly raises two arguments. First, he argues that the district court "abused its discretion" in granting the State's motion to dismiss his habeas corpus petition because the magistrate judge misstated Kelly's central claim. The magistrate judge characterized Kelly's argument as a challenge to Washington's Sentencing Reform Act, rather than as an attack on the legality of his 20-year sentence. The State agrees with Kelly that the magistrate judge erred in his characterization of Kelly's claim. The magistrate judge's mistake, however, is irrelevant to the question whether Kelly's federal constitutional claims are procedurally barred.
 
 
 14
 Second, Kelly argues that he properly exhausted his constitutional claims before Washington's highest court. The record does not support this argument.
 
 
 15
 Constitutional claims for relief that have not been exhausted in state court are not cognizable in a federal habeas petition. Rose v. Lundy, 455 U.S. 509, 518-20, 522 (1982). A claim is considered exhausted when it
 
 
 16
 has been fairly presented to the highest state court. A claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based. A habeas petitioner may, however, reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented.
 
 
 17
 Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986) (citations omitted) (emphasis added). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made. [T]he habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citations omitted).
 
 A. Kelly's Direct Appeal
 
 18
 Kelly argues that his federal constitutional claims were presented to the Washington Supreme Court on his direct appeal. The record shows that Kelly argued before the Washington Court of Appeals that Washington Revised Code sections 9.79.010, 9.92.010, and 9.01.070 did not allow the imposition of a 20-year sentence for attempted rape. He made no federal constitutional argument.
 
 
 19
 In his petition for discretionary review before the Washington Supreme Court on his direct appeal, Kelly presented one issue: "Did the trial court impose an illegal sentence contrary to law in excess of its jurisdiction?" Kelly cited no federal cases.
 
 
 20
 Kelly repeatedly cites Tamapua for the proposition that petitioners need not raise their federal claims " 'book and verse' " to the state's highest court in order to exhaust. Tamapua, 796 F.2d at 263 (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir.1958)). We agree that Tamapua is instructive. In Tamapua, the petitioner had always claimed before the state court that the evidence was insufficient to support his conviction. Although he had never "invoke[d] the talismanic phrase 'due process of law' in the state proceedings," we held that the Supreme Court of Hawaii "had a full and fair opportunity to address the substance of [his] claims." Id. at 263.
 
 
 21
 In this case, the Washington Supreme Court simply had no way of knowing from the record on appeal that Kelly was asserting federal constitutional claims. His direct appeal to the Washington Court of Appeals had been based solely on state law; his petition for discretionary review appears to raise precisely the same claim. There is no indication in the briefs in his direct appeal that Kelly claimed Washington had applied an ex post facto law against him, or that his sentence violated the due process clause of the Fourteenth Amendment or the Eight Amendment's prohibition of cruel and unusual punishment. Thus, Kelly did not "fairly present" the substance of his federal claims to the Washington Supreme Court in his direct appeal.
 
 B. Personal Restraint Petition
 
 22
 Kelly does not appear to claim that he presented his federal claims to the state's highest court in his personal restraint petition. The State argues that he did not. Although Kelly presented his federal constitutional claims to the Washington Court of Appeals in his personal restraint petition, he did not present a petition for discretionary relief to the Washington Supreme Court that complied with the procedural requirements of that state's laws. Thus, he failed to exhaust his federal constitutional claims. See Roberts v. Arave, 847 F.2d 528, 529 (9th Cir.1988) (failure to use Idaho Supreme Court's discretionary review procedure constitutes failure to exhaust state remedies).
 
 III.
 
 23
 "If no state remedies remain available, the petitioner may have satisfied the exhaustion doctrine," even though he has failed to present his claim to the state's highest court. Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir.1988). We therefore consider whether Kelly has any further state remedies available to him. See Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991) (when federal court determines that a "petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims ... would now find the claims procedurally barred," petitioner is in procedural default); Roberts, 847 F.2d at 530 (concluding without remand to state court that petitioner was in procedural default because he had failed to petition the state supreme court for discretionary review); cf. Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir.1992) (finding procedural default without remand to state court where petitioner failed to seek direct review in state's highest court). In this case, Kelly has no further state remedy. He failed to raise his federal constitutional claims on direct appeal, and he did not file a motion for discretionary review of the denial of his personal restraint petition in the state supreme court that complied with the procedural requirements of Washington law. He is now time barred from seeking review of his original personal restraint petition in the Washington Supreme Court. Wash.R.App.P. 13.4 (motion for discretionary review of Washington Court of Appeals decision terminating review must be made within 30 days of date decision is filed). Nor can he file another personal restraint petition raising the federal constitutional claims at issue in this appeal. Wash.Rev.Code. § 10.73.140 (barring subsequent petitions on same grounds, or on grounds that could have been raised earlier). Thus, his state remedies are exhausted because no other remedy is now available to him.
 
 
 24
 Nevertheless,
 
 
 25
 a federal court must inquire why state remedies are not available. If state remedies are not available because the petitioner failed to comply with state procedures and thereby prevented the highest state court from reaching the merits of his claim, then a federal court may refuse to reach the merits of that claim as a matter of comity.
 
 
 26
 Buffalo, 854 F.2d at 1163 (citation omitted).
 
 
 27
 Because Kelly did not properly utilize the state procedures available to present his constitutional claims to Washington's highest court and is now barred from doing so, he is in procedural default.
 
 
 28
 [H]e must, therefore, satisfy the standards of "cause" and "prejudice" established by the Supreme Court, or else this procedural default will be deemed to have waived his federal constitutional claim. Under the cause and prejudice standard, the petitioner must show cause for failing to comply with state procedural rules and actual prejudice resulting from the constitutional error.
 
 
 29
 Id. (citations omitted).
 
 
 30
 Kelly has made no effort to show cause for his failure to follow Washington's procedural rules. Thus, he is procedurally barred from asserting his federal constitutional claims in a petition for writ of habeas corpus. Because we so hold, we do not reach the merits of his underlying claims.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The State argues that Kelly has abandoned his claim that the detainer is void. A close reading of Kelly's appellate brief discloses no argument on the issue. Kelly calls the illegality of the 20-year sentence the "central issue" of the appeal. Appellant's Brief at 14. We therefore agree with the State that Kelly has abandoned his challenge to the detainer