29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory Stewart STOREY, Petitioner-Appellant,
v.
IDAHO STATE CORRECTIONAL INSTITUTION, Respondent-Appellee.
 No. 93-36091.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Stewart Storey, an Idaho state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Storey was convicted of robbery, battery with intent to commit murder, and use of a firearm to commit a felony. Story contends that his motion for acquittal should have been granted on the basis of mental disease, and that his sentence for robbery was excessive. The district court determined that Storey had procedurally defaulted these claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253.[1] We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 A state prisoner's habeas corpus petition must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986); McQuown, 795 F.2d at 809. A petitioner who failed to raise his claims properly in state court and is now barred from doing so by a state procedural rule has procedurally defaulted on his claims. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). A petitioner who fails to timely pursue available state remedies must show cause for the procedural default and prejudice. Id. at 1380.
 
 
 4
 Storey appealed his conviction to the Idaho Court of Appeals, but did not petition the Idaho Supreme Court for discretionary review. Accordingly, he has failed to properly exhaust state remedies. See Roberts v. Arave, 847 F.2d 528, 529-30 (9th Cir.1988) (Idaho state prisoner must present claims to Idaho Supreme Court, even though review is discretionary); Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809. Because the time limit for filing a post-conviction claim has expired, Storey has no available state remedies. See Idaho Code Sec. 19-4902. Therefore, Storey has procedurally defaulted on his claims, and must show cause for the procedural default and actual prejudice to have his claims considered on the merits. See Tacho, 862 F.2d at 1380.
 
 
 5
 Storey alleges that he has shown cause in several respects. First, he argues that appeal to the Idaho Supreme Court is futile for a pro se litigant. However, futility does not constitute cause for a procedural default. See Roberts, 847 F.2d at 530.
 
 
 6
 Second, Storey contends that his attorney failed to tell him that his direct appeal to the Idaho Court of Appeals had been denied, and that Storey would have to petition the Idaho Supreme Court for discretionary review in order to exhaust state remedies. To the extent that Storey is alleging ineffective assistance of counsel, this claim must be separately presented to the state courts before it may be used to establish cause for a procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Storey has not done so here. To the extent that Storey contends that he was unaware of the need to appeal to the Idaho Supreme Court, his lack of legal knowledge does not constitute cause. See Hughes, 800 F.2d at 909.
 
 
 7
 Finally, Storey contends that he was mentally ill during the time when he should have exhausted state remedies. However, we have previously held that a prisoner's illiteracy and complete lack of legal assistance in prison do not constitute cause for a procedural default. See id.; cf. Tacho, 862 F.2d at 1381 (prisoner's mental illness does not constitute cause, where prisoner received some assistance from attorneys and jailhouse lawyers). Based on these cases, we agree with the district court's determination that Storey's mental illness does not constitute cause for his procedural default.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Respondent contends that Storey's notice of appeal is untimely because it was filed more than thirty days after the district court's order dismissing his petition. However, because the district court never entered a separate judgment, Storey's notice of appeal is timely. See Mitchell v. State of Idaho, 84 F.2d 1404, 1405-06 (9th Cir.1987)