**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JEMERE GUILLORY,
*Petitioner-Appellant*,

v.

TRENT ALLEN, Acting Warden,
*Respondent-Appellee.*

No. 19-55290

D.C. No.
3:17-cv-02084-
CAB-BGS

OPINION

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted September 13, 2021
Pasadena, California

Filed July 1, 2022

Before: Ronald M. Gould, Marsha S. Berzon, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge Collins

## SUMMARY[*]

### Habeas Corpus

The panel vacated the district court's judgment denying a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 by Jemere Guillory, who was convicted in California state court of multiple offenses arising from an investigation into a shooting in San Diego; and remanded for further proceedings.

In Guillory's direct appeal from his conviction, the state appellate court rejected his argument that his Sixth Amendment right to a public trial had been violated by the alleged exclusion of his family members from the courtroom during jury selection. In subsequent state habeas proceedings, Guillory sought to re-raise this claim, but with new evidence consisting of declarations from two family members who had been excluded from the courtroom, as well as his own declaration. The state court of appeal denied his petition on the state law grounds that it was untimely and that his public trial claim had previously been raised and rejected on the merits.

The district court denied the federal habeas petition on the ground that Guillory's procedural default in his state habeas petition barred any federal review of his Sixth Amendment public trial claim.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel concluded that the district court erred by overlooking the critical distinction between the two versions of Guillory's public trial claim.

The panel held that the procedural default doctrine does not apply to the version that was presented on direct appeal, because the court of appeal rejected that federal claim on the merits and the state courts' rejection of it thus does not rest on an independent and adequate state law ground. The panel explained that the Supreme Court's decision in *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), confirms that the California court of appeal's subsequent invocation of state procedural grounds in denying Guillory's state habeas petition does not affect this analysis.

The panel held that the augmented version of the public trial claim that Guillory presented in his state habeas petition is procedurally defaulted. The panel wrote that, as the state court's order explicitly held, the augmented claim was untimely because the declarations in question could have and should have been obtained sooner—a ruling that establishes, without ambiguity or internal contradiction, that Guillory's reliance on those additional materials was rejected by the state court on procedural grounds that are adequate and independent. Concluding that Guillory failed to establish sufficient cause to overcome the default under this court's caselaw, the panel wrote that the challenges Guillory identifies in proceeding pro se in filing his state habeas petition are the sort of difficulties routinely experienced by pro se petitioners.

The panel remanded for the district court to consider whether the court of appeal's rejection on direct appeal of the properly exhausted claim provides any basis for federal

habeas relief under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act.

## COUNSEL

Tony Faryar Farmani (argued), Farmani APLC, Rancho Santa Fe, California, for Petitioner-Appellant.

Christopher P. Beesley (argued), Deputy Attorney General; Daniel Rogers, Supervising Assistant Attorney General; Julie L. Garland, Senior Assistant Attorney General; Rob Bonta, Attorney General; Office of the Attorney General, San Diego, California; for Respondent-Appellee.

## OPINION

COLLINS, Circuit Judge:

After a jury trial in California state court, Petitioner Jemere Guillory was convicted of multiple offenses arising from an investigation into a shooting in San Diego. In Guillory's direct appeal from his conviction, the state appellate court rejected his argument that his Sixth Amendment right to a public trial had been violated by the alleged exclusion of his family members from the courtroom during jury selection. In subsequent state habeas proceedings, Guillory sought to re-raise this claim, but this time with new evidence consisting of declarations from two family members who had been excluded from the courtroom, as well as his own declaration. The state court of appeal denied his petition on the state law grounds that it was untimely and that his public trial claim had previously been raised and rejected on the merits. Guillory then sought

federal habeas relief under 28 U.S.C. § 2254, but the district court denied the petition. According to the district court, Guillory's procedural default in his state habeas petition barred *any* federal review of his Sixth Amendment public trial claim. We agree that the *augmented* version of Guillory's public trial claim presented in his state habeas petition is procedurally defaulted, but the same cannot be said of the properly exhausted public trial claim that Guillory presented on his direct appeal in state court. We therefore vacate the district court's order and remand for further proceedings.

# I

## A

In May 2012, Guillory allegedly shot a man near a market in San Diego after the man inappropriately touched Guillory's girlfriend. Guillory was subsequently arrested, and police searched the home at which he was staying pursuant to a warrant. They found, among other things, several firearms and ammunition, nearly four pounds of cocaine base, and approximately $28,500 in cash. Guillory was charged with a variety of offenses related to the shooting and to his drug and weapons possession.

Guillory's trial commenced in California superior court on January 27, 2014. Before jury selection began, defense counsel raised his concern about whether Guillory's family members would be permitted in the courtroom:

> [Defense Counsel]: Your Honor, just so you know, too, your bailiff has been so—so kind to allow family members of my client to come in previously. I'm going to hope that there will be no future issue at all.

> The Court: Well, I, ah—first of all, during the jury selection, we're just not going to have room for them because the court is going to be full of prospective jurors. But once—certainly once we get the jury selected, they'll be free to be here. As long as—I think the bailiff did have a little—had to talk a little bit with one of the family members the other day. But I think hopefully that was effective and that won't be—won't be a problem.
>
> But, no, same rule. As long as they follow the rules and don't cause any problem, they're welcome to be here. I say, not during the jury selection because we just don't have room for them.

After this exchange, jury selection began and continued for the remainder of the day without apparent incident.

Jury selection resumed the following day. Although the voir dire was not transcribed, the clerk's minutes of the trial reflect that, shortly after 11:00 AM, "the bailiff inform[ed] the Court and counsel of the disruption in the audience." The record, however, does not disclose the nature of the incident. The trial transcript shows that, about 30 minutes after the bailiff's comment, the court made the following remarks to the prospective jurors then in the courtroom:

> There are some folks here who have an interest in the case. And they have a right to be here in or about the courtroom. But I think you recognize who they are. And don't have any contact with them. Don't let them have

> any contact with you.  I'm not suggesting they [don't] have a right to be here and they haven't done anything improper.  But just to maintain some distance from them so you don't inadvertently overhear what they might be discussing which may have something to do with the case or Mr. Guillory but won't be any part of the evidence upon which you have to base your finding.

Jury selection continued without further disruption, and a jury was empaneled several hours later.

At the conclusion of the trial, the jury found Guillory guilty of simple mayhem, assault with a firearm, and multiple offenses related to firearms and drug trafficking. The jury also found that various sentencing enhancements applied.  In June 2014, Guillory was sentenced to prison for 25 years to life, plus a term of 29 years and eight months.

On direct appeal to the California court of appeal, Guillory argued that his Sixth Amendment right to a public trial had been violated by the trial court's exclusion of his family members from the courtroom during jury selection. In October 2015, the court rejected this claim (among others) and affirmed Guillory's conviction.  The court cited *People v. Bui*, 107 Cal. Rptr. 3d 585, 590–91 (Ct. App. 2010), for the proposition that a "de minimis" exclusion of persons during voir dire "did not violate a defendant's public trial right."  Examining the limited record on this point in Guillory's case, the court concluded that there was a "lack of any evidence in the record to support [his] contention that his family members were actually excluded from the courtroom during voir dire or that their exclusion was not de minimis."  Accordingly, the court stated that, "on this

record," it rejected Guillory's "contention he was deprived of the right to a public trial by the alleged exclusion of his family members from the courtroom." Given that holding, the court stated that it did not need to resolve the State's "alternate contention" that Guillory assertedly "acquiesced" in the trial court's suggestion that his family members should be excluded in order to make room for prospective jurors. Guillory petitioned for review in the California Supreme Court, but that petition was denied in February 2016.

**B**

Guillory filed a petition for a writ of habeas corpus in the state superior court exactly one year later. In it, Guillory again argued that his Sixth Amendment right to a public trial was violated, and he augmented his claim with three declarations—one from himself and two from family members. The declarations stated that Guillory's friends and family members were not allowed into the courtroom during jury selection even though seats were available. Guillory stated that, after the court of appeal held that there was insufficient evidence in the record to show that a non-de-minimis exclusion had occurred, he attempted to obtain declarations by contacting 12 of the "20 supporters" who had been excluded. He stated that, given the time constraints for pursuing collateral relief, he was filing his state habeas petition after having received only "two of the 12 promised declarations." On June 2, 2017, the superior court denied the petition, but on grounds different from those invoked by the court of appeal on direct appeal. Relying instead on the alternative ground that the court of appeal had expressly declined to consider, the superior court held that "the record demonstrates [Guillory] acquiesced in the process used by the court during jury selection" and thereby "waived any alleged violation of the right to a public trial." As a result,

the superior court expressly "decline[d] to conduct further proceedings in this matter to determine whether [Guillory's] family members were actually excluded from the courtroom during voir dire or whether their exclusion was de minimis."

Guillory then promptly filed a further habeas petition in the California court of appeal, again raising his public trial claim and relying on the same three declarations.[1]  The court of appeal denied that petition in a four-page order on June 29, 2017.  That order did not rely on the superior court's view that Guillory had acquiesced in the exclusion of his friends and family, but instead denied the petition on two state law procedural grounds.  First, citing *In re Reno*, 283 P.3d 1181, 1207–08 (Cal. 2012), *superseded by statute on other grounds as stated in In re Friend*, 489 P.3d 309, 314–24 (Cal. 2021), the court held that Guillory had been insufficiently diligent in pursuing this claim.  Specifically, the court held that Guillory had "not explain[ed] why it took him so long to obtain declarations from the family members and friends who were allegedly excluded from the courtroom during jury selection."  Second, citing *In re Waltreus*, 397 P.2d 1001, 1005 (Cal. 1965), the court held that

---

[1] As the U.S. Supreme Court has explained:

> California's collateral review regime differs from that of other States in a . . . notable respect: All California courts have original jurisdiction in habeas corpus proceedings, thus no appeal lies from the denial of a petition for writ of habeas corpus.  A prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal.  The new petition, however, must be confined to claims raised in the initial petition.

*Walker v. Martin*, 562 U.S. 307, 312 (2011) (simplified).

Guillory's petition was "further barred because it asserts a claim that was raised and rejected on appeal." The court acknowledged that California law recognized certain exceptions to these procedural rules, but it concluded that Guillory had failed to make the necessary showing.[2]

Guillory then filed a further habeas petition in the California Supreme Court in July 2017, but that court summarily denied it two months later.

## C

In October 2017, Guillory filed a federal habeas petition in the district court pursuant to 28 U.S.C. § 2254. The district judge denied the petition, adopting the magistrate judge's conclusion that Guillory's Sixth Amendment public trial claim was "procedurally barred because the state court decision on this claim relied on an independent and adequate state procedural ground and [Guillory] failed to show cause for the default."[3] Specifically, the magistrate judge had concluded that the California court of appeal's determination that Guillory had not been diligent in presenting his claim rested on "California's timeliness rule," which was "an independent and adequate state bar that precludes federal

---

[2] In the course of that discussion, the court addressed whether Guillory had established that the proceedings were "fundamentally unfair." In concluding that he had not, the court suggested that Guillory's claim lacked substantive merit: "On this record," the court explained, "the temporary exclusion of [Guillory's] family members and friends from the trial was de minimis and did not violate his Sixth Amendment right to a public trial and thereby make the trial fundamentally unfair."

[3] The district court also rejected two additional claims that Guillory had raised in his federal petition, but neither of those other claims are at issue in this appeal.

habeas relief." The district court did *not* rely on the court of appeal's invocation of the *Waltreus* rule, because the State had not asserted that ground as a procedural bar in its response to Guillory's federal habeas petition. The district court denied a certificate of appealability and entered judgment dismissing the petition.

Guillory timely appealed to this court.[4] We granted a certificate of appealability to address "whether the district court properly determined that [Guillory's] Sixth Amendment claim was procedurally defaulted." We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and "[w]e review the dismissal of a habeas petition and questions regarding procedural default de novo." *Sexton v. Cozner*, 679 F.3d 1150, 1153 (9th Cir. 2012).

## II

As our review of the procedural history of this case makes clear, Guillory raised his Sixth Amendment public trial claim in two distinct postures in California state court. On direct appeal, Guillory presented a version of his claim that was supported only by the then-existing record of his jury trial. The California court of appeal rejected this claim on the merits, and the California Supreme Court denied review. Thereafter, in his California state habeas petitions, Guillory presented an augmented version of that claim,

---

[4] The notice of appeal incorrectly identifies the order and judgment that are being appealed by referencing, and partly attaching to the notice of appeal, earlier versions of the district court's order and judgment that were subsequently vacated and superseded. Because Guillory's intent to appeal the court's final dismissal is clear from the notice of appeal and the State has not been prejudiced, we construe Guillory's pro se notice of appeal as extending to the correct judgment and order. *See Le v. Astrue*, 558 F.3d 1019, 1022–24 (9th Cir. 2009).

supported by new evidence in the form of declarations from himself and two family members. The California court of appeal rejected this renewed claim on procedural grounds (and arguably on the merits, *see supra* note 2), and the California Supreme Court summarily denied Guillory's petition. We conclude that the district court erred by overlooking this critical distinction between the two versions of Guillory's public trial claim. As we shall explain, only Guillory's renewed, augmented version of this claim is procedurally defaulted, *see Dickens v. Ryan*, 740 F.3d 1302, 1318–19 (9th Cir. 2014) (en banc), and the district court therefore erred in failing to address, under the applicable § 2254 standards, the merits of the earlier version of Guillory's claim that he had presented on direct appeal.

## A

Federal habeas review is ordinarily unavailable "if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (simplified). Application of a state procedural rule is considered to be an "independent" ground for rejecting a federal claim "if it is not interwoven with federal law or dependent upon a federal constitutional ruling." *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999). And such a state law ground is deemed "adequate" if it is "firmly established and regularly followed." *Walker*, 562 U.S. at 316 (citation omitted). But where a state court decision rejecting a federal claim appears to rest "primarily on federal law," we presume that "procedural default does not bar consideration of [that] federal claim" on federal habeas review "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."

*Coleman v. Thompson*, 501 U.S. 722, 735–36 (1991) (citations and internal quotation marks omitted).[5]

Applying these standards, we conclude that the version of Guillory's Sixth Amendment public trial claim that was presented on direct appeal is not procedurally defaulted. The California court of appeal rejected that federal claim on the merits, without invoking any alternative state law ground of decision. Specifically, the court held that the public trial claim failed because the record did not show that Guillory's family members and friends were actually excluded from the courtroom or that their exclusion, to the extent it occurred, was not de minimis. Because the California Supreme Court denied Guillory's petition for review without comment, we assume that its decision "rest[s] upon the same ground." *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). That is, because the court of appeal's decision resolved the merits of a federal claim, we must "presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place." *Id*. The State has pointed to nothing that would rebut that presumption here. Accordingly, the state courts' rejection of Guillory's public trial claim on the merits on direct appeal does not rest on an independent and adequate state law ground, and the procedural default doctrine does not apply to that claim. *See Walker*, 562 U.S. at 315.

The Supreme Court's decision in *Ylst* confirms that the California court of appeal's subsequent invocation of state procedural grounds in denying Guillory's state habeas petition does not affect this analysis. In *Ylst*, Nunnemaker

---

[5] Procedural default may also arise from a failure to exhaust a federal claim in state court in accordance with the State's procedural rules. *See Coleman*, 501 U.S. at 731–32.

had raised a *Miranda* claim both on direct appeal and in a state habeas petition. 501 U.S. at 799–800. In determining whether that claim was procedurally defaulted, the Supreme Court held that it was irrelevant whether the subsequent state habeas petition had been denied on procedural grounds. *Id*. at 805. As the Court explained, Nunnemaker "had exhausted his *Miranda* claim by presenting it on direct appeal, and was not required to go to state habeas at all; state rules against that superfluous recourse have no bearing upon his ability to raise the *Miranda* claim in federal court." *Id*. (citation omitted).

That same conclusion is further confirmed by considering the two specific state law procedural grounds that the California court of appeal invoked in denying Guillory's state habeas petition. The first ground—that Guillory had not exercised diligence in obtaining the *new* declarations that he sought to present in support of the augmented Sixth Amendment claim in his state habeas petition—obviously does not apply to the *original* version of Guillory's public trial claim that he had presented on direct appeal. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.'" (citation omitted)). And the second ground—that California courts will not reconsider, on collateral review, a claim that was previously rejected *on the merits* by the state appellate courts on direct review—is likewise plainly "irrelevant" to the application of the procedural default doctrine in federal court. *Ylst*, 501 U.S. at 805. "When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted. To the contrary, it provides strong

evidence that the claim has already been given full consideration by the state courts and thus is *ripe* for federal adjudication." *Cone v. Bell*, 556 U.S. 449, 467 (2009).

Accordingly, Guillory's original Sixth Amendment public trial claim was fully exhausted on direct appeal because it was decided solely on the merits by the California court of appeal and was thereafter raised in a petition for review to the California Supreme Court. *See McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) ("A petitioner may satisfy the exhaustion requirement . . . by providing the highest state court with an opportunity to rule on the merits of his federal claims."). Therefore, that original claim is not procedurally defaulted, regardless of whether the subsequent, augmented version of that claim is defaulted. *See Ylst*, 501 U.S. at 805.

## B

We next consider whether the procedural default doctrine bars consideration, on federal habeas, of the enhanced version of the public trial claim that Guillory sought to present in his state habeas petition. It does.

## 1

Although Guillory could have sought federal habeas relief on his public trial claim immediately after the California Supreme Court denied his petition for review on direct appeal, he chose first to try to augment that claim by filing state court habeas applications that were accompanied by new evidence. Both the state superior court and the state court of appeal provided reasoned decisions for denying those applications, but they each relied on different grounds: the superior court held that Guillory had "acquiesced" in the exclusion (which would appear to be a rejection of the claim

on its merits), while the appellate court explicitly invoked state procedural grounds. *See supra* at 8–10. The California Supreme Court, by contrast, denied relief without comment. In determining which ruling counts for federal habeas purposes, *Ylst* instructs us to examine whether the "*last* state court to be presented with a particular federal claim reache[d] the merits" or instead applied a state procedural bar. 501 U.S. at 801 (emphasis added). Here, the last state court to provide a reasoned decision was the state court of appeal. Because the California Supreme Court denied relief in an "unexplained order," the court of appeal's application of state procedural grounds to Guillory's augmented claim remains the relevant ruling for federal habeas purposes. *Id.* at 803 ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").[6]

Because Guillory's augmented claim was rejected on state procedural grounds, we must determine whether those grounds are adequate and independent. The State concedes that, to the extent that Guillory's claim rested on *new* evidence, "the Court of Appeal appears to have erred when it suggested that the claim was barred under *Waltreus*."[7] *See Waltreus*, 397 P.2d at 1005 (holding that a state habeas petition generally may not serve as a "second appeal"). Accordingly, the only remaining state procedural bar at issue is the court of appeal's invocation of "California's timeliness

---

[6] Guillory does not argue that the *Ylst* presumption was overcome here, so we do not consider that question. *Ylst*, 501 U.S. at 804–05; *see also Wilson v. Sellers*, 138 S. Ct. 1188, 1195–96 (2018).

[7] We express no view as to whether the State's concession of error on this point of state law is correct.

rule," which requires that habeas claims be presented "without 'substantial delay.'" *Walker*, 562 U.S. at 312, 321 (citation omitted). The Supreme Court upheld the general adequacy of that rule in *Walker*, *see id*. at 321, and Guillory expressly concedes in his opening brief that the rule is both "independent" and "adequate" for federal habeas purposes.

Guillory nonetheless contends that the court of appeal's application of California's timeliness rule in *this* case is not an adequate ground for denying federal habeas relief. His sole contention on this score is that the court of appeal's invocation of that rule here is "mutually inconsistent" with its simultaneous invocation of the *Waltreus* rule against relitigating previously decided claims. Guillory relies on a line of cases in which we have held that a state court's invocation of two mutually contradictory state procedural bars may indicate that the state court has not "clearly and expressly" imposed an adequate procedural default that is sufficient to bar federal review. *Lambright v. Stewart*, 241 F.3d 1201, 1205–06 (9th Cir. 2001); *see also Koerner v. Grigas*, 328 F.3d 1039, 1049–50 (9th Cir. 2003); *Ceja v. Stewart*, 97 F.3d 1246, 1252–53 (9th Cir. 1996). For example, in *Lambright*, the last reasoned state court opinion suggested that petitioner's ineffective assistance of counsel claim was barred *both* (1) because it *had* previously been raised and rejected on the merits (and was therefore precluded); and (2) because, alternatively, it could have been previously raised (and was therefore "waived by failure to raise it"). 241 F.3d at 1205. We concluded that, by "invoking two contradictory arguments"—one of which would *not* bar federal habeas review (*i.e.*, preclusion)—"the state court failed to make a clear finding of procedural default and federal review is not barred." *Id*. at 1206; *see also Koerner*, 328 F.3d at 1049–50 (holding that state court did not "clearly and expressly" impose a procedural default

when it did not make sufficiently clear which claims were covered by preclusion and which were barred by procedural default for failure to raise them previously); *Ceja*, 97 F.3d at 1252–53 (similar).

We reject Guillory's reliance on these cases, which have no application here. There is no logical inconsistency between the court of appeal's statement that Guillory both took too long to file a state habeas petition re-raising his public trial claim and was raising an issue that had previously been resolved on the merits on direct appeal. As the California Supreme Court has explained in describing its use of a similar disposition in ruling on habeas petitions:

> When in our orders we impose, as to a given claim or subclaim, *both* the bar of *Waltreus*, *and* the bar of untimeliness, this signifies that we have determined that the claim or subclaim was raised and rejected on appeal, but that its re-presentation in the petition for a writ of habeas corpus also is untimely. Our imposition of the bar of *Waltreus*, in this context, *signals that the claim has been exhausted in timely fashion on appeal*.

*In re Robbins*, 959 P.2d 311, 340 n.34 (Cal. 1998) (emphasis added), *superseded by statute on other grounds as stated in In re Friend*, 489 P.3d 309, 314–24 (Cal. 2021). In such circumstances, no relevant procedural bar has been applied to the federal claim *that was presented and resolved on the merits on direct appeal*: that claim was "exhausted in timely fashion on appeal," *id.*, and any obstacles to its re-presentation on collateral review (whether due to untimeliness or to the *Waltreus* relitigation bar) are "irrelevant" because Guillory "was not required to go to state

habeas at all" before presenting that claim to a federal habeas court. *Ylst*, 501 U.S. at 805. By contrast, the procedural bar of untimeliness *does* apply to Guillory's effort to re-present his public trial claim *on an augmented record*. As the state court's order here explicitly held, that augmented claim was untimely, because the declarations in question could have and should have been obtained sooner. That ruling establishes, without ambiguity or internal contradiction, that Guillory's reliance on those additional materials has been rejected by the state court on procedural grounds that are adequate and independent.

Accordingly, the enhanced version of Guillory's public trial claim that he presented in his state habeas petition is procedurally defaulted.

**2**

The only remaining question is whether Guillory has established sufficient cause and prejudice to excuse that procedural default. When "a state prisoner has defaulted his federal claims in the state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. "'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (citation omitted). We conclude that Guillory has failed to show sufficient cause to excuse the procedural default, and so we do not address prejudice. *See Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988) ("In general, if a party fails to show cause for his procedural default a court need not consider whether he suffered actual prejudice.").

The Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Nevertheless, it has held that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A factor is external to the petitioner when it "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753.

Guillory argues that he has established cause because he proceeded pro se in filing his state habeas petition and so was "limited in [his] ability to interview witnesses and seek out evidence," *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc); that he was uncertain about the deadlines applicable to his petition in light of the amorphous nature of California's timeliness rule and the inconsistency in caselaw applying that rule; and that he "diligently pursued" relief by immediately seeking to bolster the record after the court of appeal denied his direct appeal for lack of evidentiary support and by filing his petition within one month of receiving his family members' declarations. While we are not unsympathetic to the difficulties that Guillory may have experienced, these reasons are insufficient under our caselaw. We have previously held that "[w]hen a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy . . . ." *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986); *see also Boyd v. Thompson*, 147 F.3d 1124, 1126–27 (9th Cir. 1998) (same). The challenges that Guillory identifies are the sort of difficulties routinely experienced by pro se petitioners. Guillory has not established that there was any "objective factor external to the defense" that impeded his ability to

obtain declarations sooner. *See Murray*, 477 U.S. at 488. The court of appeal emphasized that Guillory had failed to explain why "it took him so long to obtain" the declarations he submitted, and the district court likewise noted that the delay remained inadequately explained in Guillory's papers in support of his federal habeas petition.

## III

The district court correctly concluded that the renewed and augmented Sixth Amendment public trial claim that Guillory sought to present in his state habeas petition is procedurally defaulted and that Guillory failed to establish sufficient cause to overcome the default. However, the Sixth Amendment public trial claim that Guillory had raised unsuccessfully on direct appeal was properly exhausted and was not procedurally defaulted in any respect. Accordingly, we vacate the district court's judgment and remand for the district court to consider whether the court of appeal's rejection of that claim on direct appeal provides any basis for federal habeas relief under the standards of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act.

**VACATED AND REMANDED.**